UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADY LEE WILLIAMS, #137347,

        Petitioner,

                                                CASE NO. 2:08-CV-13317
v.                                  HONORABLE ANNA DIGGS TAYLOR

SHERRY BURT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Brady Lee Williams, a state prisoner currently confined at the Parnall Correctional Facility in Jackson, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner raises claims concerning the effectiveness of counsel, sentencing credit, sufficiency of the evidence, confrontation rights, involuntary confession, speedy trial, and the voluntariness of his plea in his habeas petition. For the reasons stated herein, the Court concludes that Petitioner has not fully exhausted his state court remedies and dismisses without prejudice the petition for writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed on appeal *in forma pauperis*.

**II.**

Petitioner pleaded *no lo contendere* to witness intimidation, discharge of a firearm toward a building, felon in possession of a firearm, and possession of firearm during the

1

commission of a felony in the Saginaw County Circuit Court. He was sentenced as a fourth habitual offender to concurrent terms of 19 months to 15 years imprisonment, a concurrent term of 19 months to 10 years imprisonment, and a consecutive term of two years imprisonment on those convictions in 2006.

Petitioner states that he filed a motion to remand and a delayed application for leave to appeal with the Michigan Court of Appeals raising claims concerning the effectiveness of counsel and sentencing credit following his convictions and sentencing. The Michigan Court of Appeals denied the motion to remand and denied leave to appeal for lack of merit in the grounds presented. *See People v. Williams*, No. 283006 (Mich. Ct. App. Feb. 21, 2008) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same raised in the Michigan Court of Appeals, as well as additional claims concerning sufficiency of the evidence, confrontation rights, involuntary confession, speedy trial, the effectiveness of counsel, and the voluntariness of his plea. The Michigan Supreme Court denied leave to appeal in a standard order. *See People v. Williams*, 481 Mich. 915, 750 N.W.2d 208 (June 23, 2008).

Petitioner signed his federal petition for writ of habeas corpus on July 30, 2008 and the case was filed by the Court on August 1, 2008. In his petition, he raises the eight claims that he presented to the Michigan Supreme Court.

**III.**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v.*

2

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. He admits that he did not present six of his habeas claims to the Michigan Court of Appeals and first raised those claims before the Michigan Supreme Court. His presentation of those six claims to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Petitioner has thus failed to properly exhaust all of his habeas claims in the state courts.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the

failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary.

Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period does not begin to run until 90 days after the conclusion of his direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about September 23, 2008. The one-year period will also be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is

equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Given that the full one-year limitations period remains, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Petitioner has also not shown good cause for failing to properly and fully exhaust his claims in the state courts, *i.e.*, by filing a motion for relief for judgment, before proceeding in federal court on habeas review. Moreover, his unexhausted claims appear to concern matters of federal law which may warrant further review. His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the unexhausted insufficient evidence claim, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he litigates those claims in this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

## IV.

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of this order. The

5

Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**


DATED: September 5, 2008                    s/Anna Diggs Taylor
                                            ANNA DIGGS TAYLOR
                                            UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order of Dismissal and Judgment was served upon Petitioner by First Class U.S. mail on September 5, 2008.

Brady Williams, #137347
Parnall Correctional Facility
1780 E. Parnall
Jackson, MI 49201                           s/Johnetta M. Curry-Williams
                                            Case Manager